39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danasiri RATNAWEERA; Pushpa Ratnaweera, Plaintiffs-Appellants,
v.
RESOLUTION TRUST CORPORATION, a United States Government
Agency in its capacity as Conservator of Imperial Federal
Savings Association; Resolution Trust Corporation, as
Receiver of Imperial Federal Savings Association;
Resolution Trust Corporation, as Receiver of Imperial
Savings Association; John Stafford, Managing Agent of RTC,
in its capacities sued herein and his successor in office;
Imperial Federal Savings Association, a Federal Savings
Association; Imperial Savings Association, a California
corporation; An Van Duong, Defendants-Appellees.
 No. 93-55492.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1994.*
Decided Nov. 1, 1994.
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Danasiri and Pushpa Ratnaweera ("Plaintiffs") appeal pro se the district court's summary judgment for the Resolution Trust Corporation ("RTC") in their action seeking, inter alia, to invalidate the foreclosure sale of the Plaintiffs' property and the underlying Note and Deed of Trust on the property. Plaintiffs contend that the district court erroneously ruled that their action fails as a matter of law because it does not satisfy 12 U.S.C. Sec. 1823(e)'s requirements for maintaining an action against the RTC. Plaintiffs also contend that the district court erroneously denied their request for more time to conduct discovery prior to the hearing on Defendants' Motion for Summary Judgment.
 
 
 4
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. The district court's granting of summary judgment is reviewed de novo. Barlow v. Ground, 943 F.2d 1132, 1134 (9th Cir.1991), cert. denied, 112 S.Ct. 2995 (1992). The denial of a Rule 56(f) motion for additional discovery time prior to summary judgment is reviewed for abuse of discretion. Liberty Lake Investments, Inc. v. Magnuson, 12 F.3d 155, 160 (9th Cir.1993), cert. denied, 63 U.S.L.W. 3216, 63 U.S.L.W. 3258 (U.S. Oct. 3, 1994) (No. 93-1978). We affirm.
 
 I.
 
 5
 In June of 1987 Plaintiffs obtained a loan from First Line Mortgage, Inc. for $130,000. As part of the loan transaction, Plaintiffs entered into what they call "an agreement and a firm contract" with First Line which allegedly imposed "bilateral obligations upon contracting parties, with the contractual obligation of First Line, to deliver or cause to be delivered at the close of loan escrow $130,000.00 in cash or kind to the plaintiffs or on their behalf," such agreement apparently being memorialized in a document entitled "Escrow Instructions." Plaintiffs also executed a promissory note in the principal amount of $130,000.00, and a Deed of Trust securing the note which conveyed title to Plaintiff's home in Huntington Beach, California to First Line's trustee. Imperial Savings Association eventually became an "assignee" under the Deed of Trust. In December 1989, the Ratnaweeras defaulted on the loan.
 
 
 6
 The only document provided to this Court and the district court for review is the deed of trust. The record on appeal does not contain the promissory note or the escrow instructions.
 
 
 7
 Around May of 1990, Plaintiffs allegedly received a letter from Imperial Savings which notified Plaintiffs that they had not been given the full $130,000.00 bargained-for consideration. This letter was not provided to the Court for review. Plaintiffs responded by informing Imperial Savings that this alleged failure of consideration voided the Note, the Deed of Trust, and thus the Notice of Default. This suit eventually followed.
 
 
 8
 RTC filed a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure. Pursuant to court order, the motion was briefed and heard as a Rule 56 motion for summary judgment. By Minute Order dated January 4, 1993, the court granted the motion on the grounds that Plaintiffs had not met the requirements of 12 U.S.C. Sec. 1823(e) because they had failed to set forth any written agreement between themselves and defendants in support of their claims. Plaintiffs timely appealed, maintaining that the district court erred because their contract claim is not based on some "agreement", but on bilateral obligations contained in the original loan documents--the Escrow Instructions and the Promissory Note for the loan.
 
 II.
 
 9
 Section 1823(e) imposes strict requirements on persons attempting to defeat the rights of the RTC in an asset by asserting the existence of a side agreement. Moreover, the term "agreement" has been broadly defined by the Supreme Court to include the entirety of the parties' bargain, including conditions upon performance. Langley v. Federal Deposit Ins. Corp., 484 U.S. 86, 91 (1987). The main purpose of section 1823(e) is to allow bank examiners to rely on a bank's records when evaluating the bank's assets.
 
 
 10
 Section 1823(e) does not apply, however, when the alleged bilateral obligations which form the basis of a claim against the RTC are embodied in the asset itself, i.e., the loan documents, because the bank examiners would not be deceived. Federal Sav. and Loan Ins. Corp. v. Gemini Management, 921 F.2d 241 (9th Cir.1990). This is the argument that Plaintiffs are apparently making.
 
 III.
 
 11
 Though Plaintiffs correctly argue the law, their claims fail for another reason. As the party opposing a summary judgment motion in which the RTC as moving party asserted the non-existence of an agreement, Plaintiffs had the burden of producing significant probative evidence tending to support their theory that their claim is based only on the actual loan documents themselves. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 272 (9th Cir.1979). Plaintiffs could not merely stand on their pleadings. T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987).
 
 
 12
 As noted earlier, the only loan document produced to this Court and the district court was the Deed of Trust. That document does not provide that Plaintiffs' obligation to repay the loan is expressly conditioned upon RTC's or its predecessors-in-interest's obligation to disburse the entire loan amount. The record on appeal does not reveal why other documents related to the loan were not produced. Plaintiffs have therefore failed in their burden on the summary judgment motion. The district court thus properly granted summary judgment in favor of RTC.
 
 
 13
 Because the alleged bilateral obligations of the parties must have been set forth in the loan documents themselves, which Plaintiffs are presumably in possession of, there was no need for additional discovery. Plaintiffs' second argument is therefore also rejected.
 
 
 14
 The district court's grant of summary judgment in favor of Defendants is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3